The cause was continued for advisement, and now at this term the opinion of the Court was delivered by
Parsons, C. J.
(After a concise recital of the pleadings, trial, and exceptions.) As actions to recover damages for the [ *437 ] * breaches of covenants contained in deeds of conveyance of land are very frequent in this part of the country, and as the principles on which such actions are to be maintained seem not to be generally understood, it may be expedient to consider the subject more at large than perhaps is necessary for determining the validity of the exceptions filed in this case.
The manner of assigning breaches of these covenants deserves some attention. The general rule is, that the plaintiff may assign the breaches generally, by negativing the words of the covenant. (a) The exception to the rule is, that, when such general assignment does not necessarily amount to a breach, the breach must be specially assigned.
The first and third covenants in this case come within the rule If the defendant was not seised, or if he had no right to convey, these covenants must necessarily be broken. They are called synonymous, because the same fact — the seisin of the defendant — *393 which will support the first will also support the other covenant. The defendant, in his bar, should regularly maintain his seisin ; and then the plaintiff, in his replication, should aver who in fact was seised.
The second covenant against encumbrances, and also a covenant for quiet enjoyment, usually contained in deeds of conveyance, although not in this deed, come within the exception. (a) For the defendant does not covenant against all interruptions of the plaintiff’s possession, nor against all possible encumbrances. To these covenants the breaches should be specially assigned, showing the nature of the encumbrance and interruption complained of. No express case has been produced as to covenants against encumbrances ; but in principle they are analogous to covenants for quiet enjoyment; and in the entries, the encumbrance is specially alleged in the count.
The last covenant of general warranty may deserve a more particular consideration. At common law a warranty is a foundation of a voucher by the tenant when impleaded, and if he lost the land, he might have judgment to recover of the warrantor other lands, to the value. Or, when he could not vouch, * or [ * 438 ] feared to be impleaded, he might, while tenant of the land, sue a real action on a writ of warranty of charters, in which he might have judgment to recover his warranty, which would bind the lands of the warrantor from the date of the writ. But the demandant could not have execution for other lands in value until he had lost his lands. And if they were lost in an assize, or on a writ of entry, in which damages were recovered against him, he might also have execution for other lands in value, and for damages. Also, at common law, the tenant, after he had lost his land, might bring a personal action of covenant, on the covenant to warrant and defend, and recover a satisfaction in damages; but he must assign, as a breach of the covenant, an ouster by a title paramount.
The two former methods of recovering a recompense in value have never been practised in this state ; but the immemorial usage has been to recover damages in a personal action of covenant on the warranty.
As the defendant is not bound, by this general warranty, to warrant against all claims and ousters, this covenant comes within the exception ; and the plaintiff must assign a breach by showing an ouster by an elder title. (b) In the present action the breaches of *394 the second and fourth covenants are not well assigned, no encumbrance or ouster being alleged. For if these breaches had been well assigned, there would have been a material defect in the pleas, because they do not cover all the breaches. The defendant, at the execution of the deed, might in fact have been seised, and might have had a good right to convey, and yet there might have been encumbrances, against which he had engaged to indemnify the plaintiff, and there might have been a subsequent ouster by an' older title. (a)
Our next consideration has been on the nature of-the evidence necessary to maintain the issues in this case.
The pleadings having admitted the conveyance and covenants declared on, it was not necessary for the plaintiff to produce the deed, to maintain the issues on his part. We are, therefore, satisfied with the opinion of the judge in ruling that it was not necessary.
[ *439 ] *The defendant, to maintain the issues on his part, ' was obliged to prove his seisin when the deed was exe-
cuted. But it was not necessary to show a seisin under an indefeasible title. A seisin in fact was sufficient, whether he gained it by his own disseisin, or whether he was in under a disseisor. If, at the time he executed the deed, he had the exclusive possession of the premises, claiming the same in fee simple by a title adverse to the owner, he was seised in fee, and had a right to convey. If Weave Drake had no authority to convey the premises to the defendant, yet if, in fact, he entered under color, though not by virtue, of that deed, and acquired a seisin by disseisin, by ousting the former owner, he has not broken these covenants. (b) In this case the deed of the constable, describing the land and its bound *395 aries, was proper evidence to show the extent and limits of the defendant’s seisin, and the intention with which he entered. But we are also satisfied that, if the defendant had not afterwards shown to the jury an authority in the constable to make the conveyance, he must have failed, notwithstanding the registry of the deed, which supplies the want of livery of seisin only where the grantor has right to convey, unless he has satisfied the jury that he entered under color of that conveyance, and had acquired a seisin of the premises. (a)
The measure of damages, in cases of this nature, has required the attention of the Court. When the breaches assigned to the first and third covenants are found for the plaintiff, it then appears that those covenants were broken as soon as the deed was exe outed; that no estate or interest passed by the conveyance; and that the plaintiff’s entry, although under color of it, was tortious, and a trespass or disseisin to the owner. (b) Hence it is clear that an action for the breach of these covenants cannot- be maintained by an assignee of the purchaser, because no estate passed to which these covenants could be annexed, and because, being in fact broken before any assignment could be made, they were choses in action, and not assignable.
Another consequence is that, as no estate passed by the con veyance, the plaintiff could lose no estate by the breach of these * covenants, and that he hath lost nothing [*440] but the consideration which he paid for the intended purchase.
The verdict, finding these covenants thus broken, operates as a disaffirmance of the original contract of conveyance. The conclusion is then inevitable that the only legal measure of the damages for the breach of these covenants is the consideration paid and interest upon it from the payment to the verdict — this being all that was lost by the breaches assigned.
It has been objected that, if the covenant had not been broken, the plaintiff would then have been seised of the land, and therefore *396 ought to be considered as having lost it by the breach of the covenant. If the objection be allowed, the measure of the damage» will still be the consideration paid, with interest; for the value of the land must be taken at the time the covenant was broken, which was immediately on. executing the conveyance, and the consideration paid by the purchaser will be deemed, as to him, to be a fair price for the land. (a)
We give no opinion as to the rule of assessing damages, when the grantee was seised by virtue of the conveyance, and has been lawfully ousted or evicted, under a paramount title. The rule ir. that case may be derived from different principles. (b)
In the case before us, it is our opinion that the verdict be set aside, and a new trial granted, because the deed of Weare Drake was rejected, and because the rule for assessing damages was not correctly stated to the jury.

 Delavergne vs. Norris, 7 Johns. 358. — Sedgwick vs. Hollenbach, 7 Johns. 376 — Platt on Cov p. 311. — Selw. M. P. 503, 8th Lond. ed.— Wilfold vs. Faze, 2 Root, 14. —M'Geehan vs. M’Laughlin, 1 Hall, 33.

 Mitchell vs. Warner, 5 Con. 497. — Walkeys vs. De Lancy, 4 Dougl. 354. People vs. Russell, 4 Cow. 570.

 Twambly vs. Henley, 4 Mass. Rep. 441. — Beam vs. Jackson, 4 Mass. Rep. 4 )8 Prescott vs. Trueman, 4 Mass. Rep. 627.— Chapel vs. Bull, 17 Mass. Rep. 213 — *394 Williams vs. Wetherbee,2 Aik. 329.—Dudley vs. Folliott, 3 D. & E. 584. — Platt on Cov. 313. — Hewell vs. Richards, 11 East, 642. — Noble vs. King, 1 H. Bl. 34. — Nash vs. Palmer, 5 M. & S. 379. — Campbell vs. Lewis, 3 B. & A. 306.—Vide Platt on Cov. 327.

 Greenby vs. Wilcocks, 2 Johns R. 1. — Folliard vs. Wallace, 2 Johns. 395.— Kent vs. Welch, 7 Johns. R. 258. — Sedgwick vs Hollenbach, 7 Johns. 376.— Vanderkarr vs. Vanderkarr, 11 Johns. 122. —Mitchell vs. Hazen, 4 Con. 495.— Waldron vs. M'Carty, 3 Johns. 471.— Whitbeck vs. Cook, 15 Johns. 483.— Cortz vs. Carpenter, 5 Johns. 120. — Pollard & Al. vs. Dwight, 4 Cr. 421. — Hall vs. Dean, 13 Johns. 105. — Giddings vs. Canfied, 3 Con. 482. — Ferris vs. Harshea, Mart. & Yerg. 48.— Crutcher vs. Stump, 5 Hayw. 100. — Talbot vs. Bedford, Cook, 458. — Lowther vs. Commonwealth, 1 Hen. & Munf. 201. — Radcliff vs. Ship, Hard. 292.— Watson vs. Kennedy, 1 Marsh, 389. —Randolph vs. Mecks, Mart. & Y. 58. — Duval vs. Craig, 2 Wheat. 61.

 Twambly vs. Henley, 4 Mass. Rep. 441. — Bearce vs. Jackson, 4 Mass. Rep 108. — Prescott vs. Trueman, 4 Mass Rep. 627. — Chapel vs. Bull, 17 Mass. Rep. 213 — Kortz vs. Carpenter, b Johns. R. 120. — Van Slyck vs. Kimball, 8 Johns. 198. — Pollard & Al vs. Dwight & Al. 4 Cranch, 421. — Lott vs. Thomas, 1 Penning, 407.— Fitch vs. Baldwin, 17 Johns. 161

 Vide Wait vs. Maxwell, 5 Pick. 217.

 Bickford vs. Page, post, 445. — Caswell vs. Wendell, 4 Mass. Rep. 188. — Twambly vs Henley, 4 Mass. Rep. 441. — Williams vs. Wetherbee, 1 Aik. 233.—Phelps vs. Sawyer, 1 Aik. 150. — Chapman vs. Holmes, 5 Halst. 20. — Stewart & Al. vs. Drake, 4 Hals. 139. — Hamilton & Al. vs. Wilson, 4 Johns. Rep. 72. — Greenby & Al. vs. Wilcocks, 2 Johns. R. 1. — Lott vs. Thomas, 1 Pennington, 409.— Chapman vs. Holmes, 5 Hals. 20. — Abbot vs. Allen, 14 Johns. 428. — Mitchell vs. Warner, 5 Con. 597.— Mitchell vs. Hazen, 4 Con. 497.—6 Con. 384. — Gilbert vs. Bulkley, 5 Con. 262. — Davis vs. Lyman, 6 Con. 249. — Sed vide Kingdom vs. Nottle, 1 M. & S. 355, 364. — 4 M. & S. 53. — Belcher vs. Sikes, 8 Barnw. & Cr. 185. — King vs. Jones, 5 Taunt. 427. — 1 Marsh, 107. — Sudg. Vend. & Pur 7th ed. p. 561. — Selw. N. P 484 8th Lond, ed — Sprague vs. Baker, 17 Mass Rep. 586.

 Bickford, vs. Page, post, 455. — Caswell vs. Wendell, 4 Mass. Rep. 188. — Sumner vs. Williams & Al. 5 Mass. Rep. 162 —Nichols vs. Walter & Al. 8 Mass. Rep. 443.— Leland vs. Stone, 10 Mass. Rep. 459. — Harris & Al. vs. Newell, 8 Mass. Rep. 262. — Caulkins & Al. vs. Harris, 9 Johns. R. 336. — Morris vs. Phelps, 5 Johns. R. 49. — Waldo vs. Long, 7 Johns. R. 173.— Fine vs. Drake, 4 Halst. 139. — Pitcher vs. Livingston, 4 Johns. R. 1. — Guthrie vs. Pugsley, 12 Johns. R. 126. —Kane vs. Sanger, 14 Johns. 89. — Gilbert vs. Bulkley, 5 Con. 263. — Belden vs. Seymour, 8 Con. 304. — Mitchell vs. Hazen, 4 Con. 495. — Kirby, 3.—2 Root, 46. — Lockwood vs. Sturdevant, 6 Con. 373. — Bender vs. Fromberger, 4 Dall. 441. — Herming vs. Wethers, 2 Const R. 584.— Ware vs. Weathnall, 2 M’Cord, 413. — Talbot vs. Bedford, Cooke, 447.— Lowther vs. The Commonwealth, 1 Har. & Munf. 202. — Crenshaw vs. Smith, 5 Munf. 415. — Stout vs. Jackson, 2 Rand. 132. — Bennett vs. Jenkins, 13 Johns. 50. — Phillips vs. Smith, Car. Law. Rep. 475. — Cox vs. Strode, 2 Bibb. 272. — Booker vs. Bell, 3 Bibb. 175. — Mills vs. Bell, 3 Call. 326 — Nelson vs. Mathews, 2 Har. & Munf. 154. — Backus vs. M'Coy, 3 Ohio R. 221.—Hulse vs. White, Coxe, 173. — 4 Kent. Comm. 2d ed. pp. 474—477. — Leffnigwell vs. Elliott, 10 Pick. 204.— Chapel vs. Bull, 17 Mass. Rep. 213.

 Vide Gore vs. Brazier, 3 Mass. Rep. 523. — Caswell vs. Wendell, 4 Mass. Rep. 108. — Bigelow vs. Jones, 4 Mass. Rep. 512.— Chapell vs. Bull, 17 Mass. Rep. 213.— Barrett vs. Porter, 14 Mass. Rep. 143. — Staats vs. Ten Eyck, 3 Cain. 111. — Liber vs Parsons, 1 Bay. 19. — Guerard vs. Rivers, 1 Bay. 265.— Wetherspoon vs. Anderson, 3 Dep. 245. — Sed vide 4 Kent. Com. 474—477.