NEWYORK,
Oct. 1812.

CAULKINS
v.
HARRIS.

CAULKINS AND OTHERS, EXECUTORS OF ALBEE, *against* HARRIS.

In an action of covenant, for a breach of a covenant of seisin in a deed, where the grantee had been in the actual enjoyment of the land and taken the mesne profits, for 15 years, but without any valid title from the grantor; it was held that the grantee was entitled to recover the *consideration money*, and the *interest thereon*, for *six years* only, and the costs.

THIS was an action of covenant, brought on a covenant contained in a deed from the defendant to the testator, dated the 20th *August,* 1796, by which the defendant, for the consideration of 500 dollars, conveyed part of a lot of land, No. 63. in *Aurelius,* to the testator, and covenanted that, at the date of the deed, he was lawfully seised in his own right, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in fee-simple, in the premises, &c. and had good right, &c. to convey, &c. The plaintiffs in their declaration assigned breaches of the covenant. The defendant pleaded *non est factum.* The cause was tried at the *Cayuga* circuit, in *June,* 1812, before Mr. Justice *Spencer,* when a verdict was taken, by consent, for the plaintiffs, for 1,060 dollars damages, being the amount of the consideration money expressed in the deed, with interest; subject to a deduction by the court, if they should be of opinion that the plaintiffs are not entitled to interest for the whole time, it being admitted that the testator and his heirs occupied the premises from the date of the deed to this time, but without any valid title from the defendant.

The case was submitted to the court without argument.

*Per Curiam.* The plaintiffs in this case are entitled to the 500 dollars, with six years' interest thereon, and no more. This case comes within the rule settled in that of *Staats* v. *The Executors of Ten Eyck;* (3 *Caines' Rep.* 111.) for the premises appear to have been actually enjoyed, and the mesne profits taken, by the grantee and his heirs. The judgment must, therefore, be for 710 dollars, and the costs.

Judgment accordingly.