IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF OXFORD,

ARGUED AT MAY TERM, 1843.

## SETH SPRING *versus* STEPHEN CHASE.

If land be conveyed by deed of warranty with the usual covenants, and the grantee enter into possession under his deed, and continue such possession for nearly twenty years, and then purchase in an outstanding paramount title, he cannot recover, for breach of the covenant of seizin, the consideration originally paid with interest; but is entitled to recover the amount last paid and interest thereon.

Where the grantee enters into the possession and actual occupation under his deed of warranty, and afterwards purchases in an incumbrance or outstanding paramount title, the amount he may recover is not affected by proof, that the rents and profits are more or less than the interest on the consideration originally paid.

ON August 27, 1814, Seth Spring conveyed to Stephen Chase, by deed of warranty with the usual covenants, a tract of land in Lovell, for the consideration of one hundred and twenty dollars. Chase entered into possession under his deed, and continued in the uninterrupted possession until August 17, 1831. Seth Spring conveyed this land, with much other real estate, to Samuel Parkman by absolute deed, dated Jan. 8, 1814, but not delivered until March 18, 1814, when Parkman gave back to Spring a writing, not under seal, promising to re-convey the premises on the payment of certain notes

against Seth Spring and sons; and if the notes should not be paid, to sell sufficient to pay the notes and convey back the residue, if any. On July 4, 1827, this writing was assigned by Seth Spring to John Spring, and given up to the heirs of Parkman, who conveyed the whole real estate included in the deed of Spring to Samuel Parkman to John Spring, and he paid a portion of the amount due, and mortgaged back the same property to secure the payment of the balance. On August 17, 1831, the heirs of Parkman made a formal entry on the land conveyed to Chase, under the mortgage of John Spring, for condition broken, but did not otherwise interrupt Chase in the possession. On Nov. 15, 1832, Chase paid the heirs of Parkman seventy-five dollars, and received from them a release of their right in the land conveyed to him by Spring, commenced a suit against Seth Spring, declaring on all the covenants in his deed, and in Jan. 1833, took judgment by default for the sum of $252,60, and costs of Court, $9,63. He took out execution on this judgment, and collected thereon $153,00. Seth Spring petitioned for a review of Chase's action against him, which was granted; and on the hearing, the facts above stated appeared.

*J. Shepley,* for Spring, said the action of Chase could not be maintained on the covenant of seizin. Spring was in possession as the owner of the equity, and conveyed to Chase who entered into the possession under his deed and has remained in the actual possession ever since. He had been in possession more than seventeen years when the entry was made under the mortgage. If things had remained, as before the entry of Parkman's heirs, no suit could have been maintained. This covenant was not broken.

The action may be maintained on the covenant against incumbrances. The measure of damages, in such case, is the amount paid to extinguish the only incumbrance upon it and interest.

If there can be a recovery on the covenant of warranty, the measure of damages is the value of the land at the time of the eviction. In this case, it is the sum he paid to Parkman to

acquire a perfect title, and interest to the time of judgment. He cannot say, that he purchased the land for less than its value ; especially, when there is no evidence, that it was not the true value. And we may reasonably suppose it was timberland, and that the defendant has taken off the timber. Whether Chase can recover on the covenant of warranty, or on that against incumbrances, it is immaterial to inquire, as in this case the damage would be the same. The principles of law governing this case are clearly settled, and familiar. *Boothby* v. *Hathaway*, 20 Maine R. 251 ; *Cushman* v. *Blanchard*, 2 Greenl. 266 ; *Bearce* v. *Jackson*, 4 Mass. R. 408 ; *Twambly* v. *Henley*, ib. 441 ; *Marston* v. *Hobbs*, 2 Mass. R. 433.

Chase then was entitled only to the seventy-five dollars paid, and interest until he received the money of Spring, and costs of suit, and the judgment should be reversed for the residue. We are entitled to an execution for the overpayment and interest, and our costs of the petition for review and of the present trial. *Kavanagh* v. *Atkins*, 2 Greenl. 397 ; Rev. St. c. 124, § 12.

*S. H. Chase*, for the defendant in review, contended that nothing passed by the deed of Spring to Chase, as the conveyance to Parkman had already been made.

The paper given back did not make the transaction a mortgage, because it was not under seal, and was not at the same time, and part of the same transaction, and was not recorded. *Fuller* v. *Pratt*, 1 Fairf. 197 ; 5 Dane, c. 104, art. 10 ; *Kelleran* v. *Brown*, 4 Mass. R. 443 ; *Flint* v. *Sheldon*, 13 Mass. R. 443 ; *French* v. *Sturdivant*, 8 Greenl. 246 ; 5 Pick. 450 ; 7 Pick. 157. The Stat. 1821, c. 50, gives no definition of the term defeasance, but leaves it to be determined by the common law. Parkman then was seized of the premises, and the covenant of seizin was broken as soon as the conveyance was made, and the measure of damage was the consideration paid and interest.

The possession of the mortgagor is the possession of the mortgagee. Spring did not hold adversely to Parkman, but under him, by virtue of his right to have the land on the payment

of a certain sum.  Spring therefore was not in possession as a disseisor of Parkman, and no seizin was imparted to Chase by the deed.  *Noyes* v. *Sturdivant*, 18 Maine R. 104.  Although in possession Spring claimed no title, and the action could be maintained against him forthwith.  *Wheeler* v. *Hatch*, 3 Fairf. 389; *Kinsell* v. *Daggett*, 2 ·Fairf. 309.  It is only where the deed conveys a seizin to the grantee, that the grantor is liable on the covenants of warranty.  The grantee is liable to Parkman for profits derived from the land, if there had been any.  As there is no evidence on the subject, it is to be presumed there were none.

The deed from Parkman's heirs to Chase was a mere release of their right.  If John Spring had redeemed his mortgage, Chase would have had no title to this land.  The sum paid to Parkman for this release has nothing to do with the subject of damages.  There is, therefore, no good reason why the original judgment should be in any part reversed.

The opinion of the Court, SHEPLEY J. not being present at the argument, and taking no part in the decision, was drawn up by

WHITMAN C. J. — The subject matter of the action of which this review was granted, is now before us upon an agreed statement of the facts.  Neither the original writ, nor a copy of it has been furnished us; but from the arguments of the counsel we understand, that the suit was founded upon the breach of the covenant of seizin in a deed of warranty of land.  The only question presented was as to the amount of damages to be recovered; the plaintiff contending that he had a right to recover the amount of the original consideration paid for the land, with interest thereon from the time of payment; while the defendant insisted that he should have recovered no more than he has been compelled to pay to extinguish the adverse title, and interest thereon from the time of payment.  The general rule is as contended for by the plaintiff; and is predicated upon what is ordinarily true, viz. that the covenantee has never been able to derive any advantage from his purchase;

or, if he has, that he is answerable therefor to the owner in fee. In this case the grantor, at the time of his sale to the grantee, was tenant at will or sufferance under the owner in fee; and without the reservation of rent therefor; and under a contract, upon the performance of certain conditions, that the premises should be released or conveyed to him. This tenancy at will or sufferance, without liability to pay rent, the owner of the fee would seem to have been content, that the grantor should transfer to the defendant in review, who was allowed to continue the tenancy for seventeen years, without any claim of rent on the part of the owner in fee. In *Caulkins* v. *Harris*, 9 Johns. 324, it was held, that a grantee, on being evicted, was entitled only to six years interest on the consideration, although he had been a longer time in possession; because the party evicting him could only recover mesne profits for that length of time; and in *Tanner* v. *Livingston*, 12 Wend. 83, it was held, that a purchaser, who has entered into possession of the premises purchased, and enjoyed the rents and profits from the time of the conveyance, is not entitled, upon a breach of the covenant of seizin, to recover the whole consideration and interest, he having enjoyed the premises under a right existing for the time under the grantor. It must be immaterial how such right arises, so that it be a tenancy, without liability to pay rent. In the case at bar the vendor had such a tenancy, and his grantee, the original plaintiff, enjoyed it under his conveyance till the eviction took place in 1831, without any claim for rent or for mesne profits. If then the original plaintiff had recovered judgment only for his purchase money, with interest from the time of his eviction to the time when judgment was rendered in his favor, he would have recovered a full indemnity; and we think he should have been content with such a judgment. The former judgment must therefore be reversed in part, viz, for the sum of one hundred and seventy-three dollars and ten cents; and be affirmed for the residue; and the plaintiff in review having paid more than such residue, towards satisfying said former judg-

ment, is entitled to recover the balance remaining after deducting said residue therefrom.

It has been urged, that the original plaintiff derived no rents and profits from the premises; but we think that cannot be taken into consideration to affect the rights of the parties. If a person purchases real estate, it is to be presumed, that he does so because the rents and profits of it will be equivalent to the interest of the money he may be content to pay for it. This may be in the continual rise in value of the land, or from the growth of timber on it, or from its accommodating him in some way or another; and it is to be presumed also, that the vendor would not have parted with it but upon the consideration that the interest of the money received for it would be a fair equivalent for the income he could have derived from the land. Whether the vendee turns his purchase to a profit or not is no concern of the vendors.