FOWLER and others, ex rs of Ellsworth, *vs.* POLING, ST. FELIX and others.

If a grantor has no title to the whole or a portion of the premises, the covenants of seisin, and of power to convey, are broken immediately upon the execution of the deed; and the covenantee, or grantee, may maintain an action thereon. *Per* EDWARDS, J.

Those covenants in a deed do not pass with the land; and being merely choses in action, are not assignable.

The covenants of warranty, and for quiet enjoyment, are, in their legal effect, one and the same.

If a party having a mere seisin in fact makes a conveyance with full covenants, and the grantee afterwards sells and conveys the premises, the covenant of warranty passes with the land, and upon eviction by paramount title, a right of action will accrue to the assignee, upon the covenant.

If there is no seisin in the grantor, either in law or in fact, no lands pass by the conveyance. If there is a mere seisin in fact, the lands pass, and the covenants attached to the land also pass; although the title may be defective.

If a grantor has the exclusive possession of the premises conveyed, at the time he executes the deed, claiming the same in fee simple, adverse to the owner, he has an estate sufficient to pass those covenants which run with the land; for he has a seisin in fact. But if he has neither a seisin in law nor a seisin in fact, no covenants pass to the assignee of the grantee.

An agreement between a grantor of premises, who at the time of executing the conveyance, had no seisin of a part of the premises conveyed, either in law or in fact, and an assignee of the grantee, that the grantor will pay to such assignee whatever moneys may be expended by the latter in perfecting his title to the portion

Fowler *v.* Poling.

of the premises to which the grantor's title was defective, is without consideration, and void; inasmuch as it is not founded upon any liability of the grantor to the assignee; no covenant having passed to the assignee, for the breach of which he could maintain an action against the grantor.

And the sum paid by the assignee, in pursuance of such an agreement, to perfect his title to the premises purchased, cannot be set off by him, in a suit brought against him by the grantor to foreclose a mortgage upon the premises.

In Equity. This suit was brought to foreclose a mortgage executed by the defendant, Charles Poling, to the testatrix, dated the 2d day of October, A. D. 1822. The bill was taken as confessed against all of the defendants, except St. Felix. From his answer, and the proofs taken in the cause, it appeared that the premises embraced in the mortgage, together *with other lands not embraced therein,* were on the 9th day of March, 1809, conveyed by the testatrix to one Samuel Bouton, with full covenants of seisin and warranty. That upon such sale Bouton executed to the testatrix his bond and mortgage upon the premises, to secure a part of the purchase money. That default having been made in the payment of the moneys secured by that mortgage, a bill was filed in the court of chancery, for its foreclosure; upon which a final decree was had, and the premises were ordered to be sold under the direction of a master. That such sale was had on the twenty-seventh day of May, A. D. 1822; at which sale the premises embraced in this mortgage were purchased by the defendant Poling. The same were conveyed to him by the master, and he, (Poling) thereupon executed the bond and mortgage described in the pleadings in this cause, to secure the payment of part of the purchase money. That a negotiation was afterwards entered into for a sale of the premises by Poling to St. Felix. That before the consummation of that negotiation it was discovered that the testatrix, Mrs. Ellsworth, was seised of only five-sixths of the premises at the time of her aforesaid conveyance to Bouton, and never had any title to, or seisin of, the remaining one-sixth. That notwithstanding such discovery, St. Felix consummated the purchase of the premises, and received from Poling a deed with full covenants of warranty for five-sixths of said premises and a quit claim for one-sixth as to

which the title was defective ; in which deeds the premises were stated to be conveyed subject to the bond and mortgage described in the bill of complaint, and which St. Felix assumed to pay. That St. Felix afterwards notified Mrs. Ellsworth of the defect in the title, and upon his statement that she was liable to him, St. Felix, for such defect, upon her covenants of warranty contained in her deed to Bouton, Mrs. Ellsworth promised to pay St. Felix whatever money he might be obliged to pay in obtaining conveyances from the parties owning said one-sixth, and in perfecting his title. St. Felix afterwards proceeded to perfect his title to said one-sixth, and in so doing expended large sums of money in purchasing the rights of the parties entitled thereto. The defendant, St. Felix, claimed a right to set off the amount so expended by him in pursuance of the said agreement of Mrs. Ellsworth, against the amount secured by the bond and mortgage sought to be foreclosed in this suit; or that by virtue of the covenants contained in the deed from Mrs. Ellsworth to Samuel Bouton, (independently of the aforesaid agreement of Mrs. Ellsworth,) he was entitled to retain and set off against the amount secured by said bond and mortgage, the one equal sixth part of the consideration expressed in the said deed from Mrs. Ellsworth to Bouton, with interest.

*T. W. Tucker, & Wm. C. Noyes,* for the plaintiffs.

*George Wood,* for the defendant St. Felix.

EDWARDS, J. The view that I have taken of this case renders it unnecessary for me to consider the effect of the sale in the foreclosure suit, upon the covenants contained in the deed from Mrs. Ellsworth to Bouton. For the purposes of this suit, I shall consider the defendant St. Felix as standing in the same position, and as possessing the same rights, as he would have done if he had been the client and immediate grantee of Bouton ; and I have no doubt that the law requires me to do so.

Fowler *v.* Poling.

The defendant St. Felix claims to be entitled to a set-off, founded upon an agreement, alleged to have been made between himself and Mrs. Ellsworth, that she would allow him whatever moneys might be expended by him in perfecting his title to one-sixth of the mortgaged premises, the title to which was defective. There are two questions upon which the decision of this case must depend. 1. Did Mrs. Ellsworth make the agreement set up in the answer of the defendant? 2. Was there a sufficient consideration to sustain such an agreement?

It will be more convenient to consider the second question first in order; for, if there was not a sufficient consideration, it becomes immaterial whether such an agreement as is alleged, was actually made or not. There were five covenants contained in the deed from Mrs. Ellsworth to Bouton: the covenant of seisin—of power to convey—for quiet possession—of warranty—and a covenant against incumbrances. The first two were broken, if at all, immediately upon the execution of the deed, and gave a right of action to the original grantee and covenantee. They were covenants which did not pass with the land, and, being merely choses in action, were not assignable. (*Greenby* v. *Wilcocks*, 2 *John.* 1. *Hamilton* v. *Wilson*, 4 *Id.* 72. *Masten* v. *Hobbs*, 2 *Mass. Rep.* 439. *Mitchell* v. *Warner*, 5 *Conn. Rep.* 497. 4 *Kent's Com.* 471. *Cro. Eliz.* 863.) The covenants of warranty and for quiet enjoyment are, in their legal effect, one and the same. And in speaking of them I shall designate them by the more appropriate term, as applicable to a fee simple, of covenant of warranty. It is upon this covenant, which is one that runs with the land, that the defendant contends the consideration for the alleged agreement is founded. It is not pretended that there has been any eviction of the defendant, or that he has ever had any right of action against the covenantor founded upon a breach of any of his covenants; but merely that there was, at the time of the alleged agreement, a subsisting covenant, upon which the defendant would have a right of action, in case he should be evicted from the premises; and that such covenant furnished a sufficient consideration for the alleged agreement. Before

Fowler v. Poling.

considering this question, it is necessary to ascertain whether there was a subsisting covenant upon which the defendant would have a right of action, in case of his eviction from the premises. It appears by the admitted state of facts, agreed upon by the parties, and by the testimony of the solicitor for the defendant, and it was assumed as a fact by both parties upon the argument, that there had been a breach of the covenant of seisin ; that Mrs. Rankin, who was seised in her own right of an undivided sixth part of the premises, never conveyed, or parted with her interest, and that, as to that part of the premises, Mrs. Ellsworth, the covenantor, was never seised. Such being the case, of course, her grantee had a vested right of action, immediately upon the execution of the deed to him, and that right was not, and could not be divested, by a subsequent conveyance of the premises, but remained in him. It is contended, however, that, although a right of action upon the covenant of seisin did not pass to Bouton's grantees, still, that the covenant of warranty, being, from its nature, a covenant running with the land, did pass to such grantees, and that upon a breach of it, they would have a right of action. A difficulty, however, suggested itself ; for, in such a case, there would be two distinct rights of action, vested in two different persons, one in the grantee, founded on the covenant of seisin, and the other in the assignee, founded on the covenant of warranty ; and the rule of damages in each case would be the amount of the consideration money. It is evident, then, that both parties could not recover. But which would be entitled to the preference ? The only answer to this question which is at all satisfactory, is that which was given by the counsel for the complainants, and that is, that there would be but one right of action, and that would be founded on a breach of the covenant of seisin. It is not the want of a perfect title which constitutes a breach of the covenant of seisin. The covenantor may have a defeasible title, and yet, not be liable on this covenant. It is not necessary that he should have a seisin in law : he may have a seisin in fact. And the latter, though not sufficient as a bar to a suit founded on a paramount title, would be a good

Fowler v. Poling.

bar to an action founded on the covenant of seisin. If then a party having a mere seisin in fact, makes a conveyance with full covenants, and the grantee afterwards conveys, the covenant of warranty passes with the land, and upon eviction by paramount title, a right of action will accrue to the assignee, upon the covenant. But does such covenant pass to the second grantee where there was neither seisin in law or in fact? In the case of *Greenby* v. *Wilcocks*, (2 *John.* 1,) Spencer, Justice, in delivering his opinion, which was concurred in by all the members of the court, except one, says, " it is objected that the plaintiffs cannot recover on the covenants of seisin, and that the grantor had power to convey, because it is alleged in the declaration that there was a total defect of title in the defendant, at the time he executed the deed, and that the covenants then broken, could not be assigned over by the first grantee. There is great force in this objection; and it appears to me to be conclusive. Choses in action are incapable of assignment at common law; and what can distinguish these covenants, broken the moment they are made, from an ordinary chose in action? The covenants, it is true, are such as run with the land, but here the substratum fails, for there was no land whereof the defendant was seised, and of consequence, none that he could alien. The covenants are, therefore, naked ones, uncoupled with a right to the soil." In the case of *Marston* v. *Hobbs*, (2 *Mass. Rep.* 433,) Chief Justice Parsons says: " It is clear that an action for the breach of these covenants, (covenants of seisin and power to convey,) cannot be maintained by an assignee of the purchaser, because no estate passed to which these covenants could be annexed, and because being in fact broken before an assignment could be made, they were choses in action, and not assignable." In the case of *Bartholomew* v. *Candee*, (14 *Pick. Rep.* 170,) which was an action brought by an assignee upon both the covenants of seisin and warranty, want of seisin was pleaded in bar. Wilde, justice, says, " the defendant pleads, that at the time of executing the deed declared on, he was not seised of the granted premises, and so, that his covenant of seisin was broken at the time of

the execution of his deed. This plea was traversed and the jury have found that the defendant was not seised, and this we think was decisive against the plaintiff's right of action." (*See also Mitchell* v. *Warren,* 5 *Conn. Rep.* 497.) One of the grounds stated in the first two cases, which I have cited, why a covenant of seisin did not pass to an assignee of the original grantee was that no estate passed to which the covenants could be attached. If that is a good reason in the case of a covenant of seisin, it is a good reason why the other covenants do not pass to the purchaser from the covenantor; and it was distinctly so held in the case of *Bartholomew* v. *Candee.* If there is no seisin, either in law or in fact, no lands pass. If there is a mere seisin in fact, the lands pass, and the covenants attached to the lands also pass, although the title may be defective. In the case of *Beddoe's Ex'rs* v. *Wadsworth,* (21 *Wend.* 120,) some doubt is apparently thrown upon the views above taken; but on examination it will be seen that that case, in fact, sustains the principles which I have deduced from the cases above cited. The case then before the court, arose upon a demurrer to a declaration. One of the grounds taken by the defendant was, that as the covenantor had not an indefeasible title, no estate passed to which the covenant could attach. And Mr. Justice Cowen, who delivered the opinion of the court, takes the ground that an estate founded upon possession would be sufficient. This, of course, must mean a possession under claim of title. It is undoubtedly true, that if the grantor has the exclusive possession of the premises at the time that he executes the deed, claiming the same in fee simple, adverse to the owner, he has an estate sufficient to pass those covenants which run with the land; for he has a seisin in fact. (*See* 2 *Mass. Rep.* 433.) But if he has neither title, nor a possession claiming title, or in other words, neither a seisin in law nor in fact, no covenants pass to the assignee of the grantor. It follows, then, that inasmuch as Mrs. Ellsworth had no seisin whatever, there was nothing to which the covenants could attach themselves. And that, as far as the undivided sixth part of the premises is concerned, no covenant passed to the defendant

upon which, in case of a breach, he could maintain an action. This being the case, there was no consideration for the alleged agreement of Mrs. Ellsworth.    The plaintiffs are entitled to a decree for principal and interest, with the costs of this suit.

