## Kinley *versus* Crane *et al.*

It is not error to admit the testimony of a private surveyor to prove the dividing-line between two counties; the line never having been run or located by the commissioners appointed for that purpose, or by any other authorized person.

In an action on a bond given for the purchase-money of real estate, after the defendants have given proof of a failure of title as to a part of the lands conveyed, it is competent for the plaintiff to prove that the defendants have purchased the outstanding title, and have thereby obtained a complete title to the premises. He is entitled to recover on the bond, making an allowance to the defendants for the price paid for the outstanding title, with interest and expenses.

ERROR to the Common Pleas of *Lycoming county*.

This was a judgment in debt entered on a bond and warrant of attorney, in favour of Hugh Kinley against Elias B. Crane, Charles F. Day, and Reuben Baldwin, in the penal sum of $12,000, conditioned for the payment of $6000 on the 1st August 1849, with interest. The bond and warrant of attorney were dated the 25th July 1848; judgment was entered up on the 15th October 1852; and on the 6th February 1853, the court below opened the judgment, and let the defendants into a defence.

The Williamsport and Philadelphia Lumber Company were the owners of a large body of unseated land in Lycoming county, containing 7302 acres 48 perches; becoming embarrassed, they conveyed their lands, for the purpose of raising money, to William Perry and James Armstrong, as trustees, who, on the 1st October 1840, mortgaged them to the plaintiff to secure the payment of $10,000 loaned by him to the company.

Prior to this time, the county of Clinton had been erected out of parts of Lycoming and Centre counties, by Act of 21st June 1839 (*Pamph. L.* 362), and the dividing line between the counties of Lycoming and Clinton ran through this body of lands, cutting off from Lycoming county 1350 acres of them, which were thrown into Clinton county.

The mortgage from the trustees of the Williamsport and Philadelphia Lumber Company was recorded in Lycoming county, on the 18th November 1840; and in Clinton county, on the 17th May 1844.

A *scire facias* was sued out on this mortgage, in Lycoming county, and judgment obtained thereon, on the 2d December 1843, for $7257.96, on which a *levari facias* was issued, by virtue of which all the mortgaged premises were sold by the sheriff of Lycoming county, to the plaintiff, for $5779.19; leaving a balance of $1478.77 still due upon the mortgage.

On the 23d February 1848, the plaintiff contracted to convey

[Kinley *v.* Crane *et al.*]

these lands to the defendants, for the consideration of $13,000. The deed was executed on the 25th July 1848, describing the lands as situate in Lycoming county, and designating the different tracts by the names of the warrantees and the number of acres in each. And on the same day, the defendants executed a mortgage and judgment bond to the plaintiff to secure the payment of $6000 with interest, this being a part of the purchase-money.

Execution having been issued on the judgment, the court below let the defendants into a defence, on their allegation of a failure of title to 1350 acres of the land conveyed, being that portion of it lying within the county of Clinton.

On the trial, the defendants offered to prove by Samuel Torbert, a private surveyor, where was the dividing line between the counties of Lycoming and Clinton; to which the plaintiff objected, because no line was ever run by the commissioners appointed by the Act of Assembly, or any other person. The court below admitted the evidence, and sealed a bill of exceptions.

The defendants having shown that a part of the lands conveyed were included in Clinton county, the plaintiff offered to prove that the defendants had purchased a good outstanding title to that portion of the lands; but the court below ruled out the evidence, and the plaintiff excepted.

And there having been a verdict for the plaintiff for $1066.70 only, he sued out this writ, and here assigned for error, the admission and rejection of the evidence contained in his bills of exception.

*W. H. & J. Armstrong,* for the plaintiff in error, cited *Sedgw. on Damages* 174, 186; Loomis *v.* Bedel, 11 *N. H.* 74; Spring *v.* Chase, 22 *Maine* 505; McGinnis *v.* Noble, 7 *W. & S.* 453; Renshaw *v.* Gans, 7 *Barr* 117; Tod *v.* Gallagher, 16 *S. & R.* 261; Leffingwell *v.* Elliott, 8 *Pick.* 455; 10 *Id.* 204; 12 *Wend.* 83.

*W. W. Willard,* for the defendants in error.

The opinion of the court was delivered by

READ, J.—The mortgage to the plaintiff, by the trustees of the Williamsport and Philadelphia Lumber Company, covered 19 tracts of land, containing 7302 acres and 48 perches. Upon proceedings on this mortgage, in Lycoming county, all these lands were sold by the sheriff of that county to the plaintiff for $5779.19, leaving a balance of $1478.77 still due on the mortgage, and a deed was made by the sheriff to the plaintiff, and duly acknowledged in open court.

The plaintiff, in pursuance of an agreement with the defendants, conveyed by deed to them all these lands, describing them as situate in Lycoming county, and designating the different tracts

[Kinley *v.* Crane *et al.*]

by the names of the warrantees, and the number of acres in each, for the consideration of $13,000. On the same day, the defendants executed a mortgage and judgment bond to the plaintiff to secure the payment of $6000, on the 1st August 1849, with interest from the 1st August 1848, being the balance of the purchase-money due at that time. The mortgage was recorded the 31st August 1848, in Lycoming county, and the judgment bond entered on the 15th October. Execution was issued on this judgment, which was subsequently stayed by the court, and the defendants let into a defence, upon the allegation that the title to portions of three of the tracts, conveyed to them by the plaintiff, and included in the mortgage, had failed, estimated to amount in the aggregate to about 1350 acres, it being alleged by the defendants that this portion of land is situate in Clinton county, and not in Lycoming county, and that consequently the plaintiff had no title to this part of the land, and could convey none to the defendants.

On the trial of the cause, the court admitted the testimony of a private surveyor to prove the dividing line between Clinton and Lycoming counties, the line never having been run or located by the commissioners appointed by the Act of Assembly, or by any other authorized person. This was clearly competent evidence to go to the jury, and there is therefore no error in the ruling of the court. The fourth error assigned falls under the same category, and the answers of the court specified in the fifth assignment of error would perhaps be correct, if the court were right in rejecting the evidence as stated in the third assignment of error; and this brings us to the real question in the cause.

The plaintiff intended to convey to the defendants a good title to the whole nineteen tracts, but failed to do so, because the sale by the sheriff did not include the portion of lands lying in Clinton county. To these tracts he had no claim except as mortgagee, and although this interest no doubt equitably passed, by the plaintiff's deed to the defendants, yet it was not such a title as he either agreed or intended to convey. To meet therefore this alleged failure of title, the plaintiff offered to prove that the defendants, Day, Baldwin & Co., have purchased a good outstanding title for all that portion of the land in Clinton county, for the sum of $1.50 per acre, and have now (at the time of trial) a good title for the same, which offer was objected to by the defendants, because it is irrelevant and untrue, and the objection was sustained by the court. This was excepted to, and is assigned for error.

The defence of failure of consideration to a suit on a bond for purchase-money is entirely equitable, and depends for its success upon all the equities existing between the parties. If the plaintiff had purchased such an outstanding title, it would have enured to the benefit of the defendants by estoppel, and their title would

[*Kinley v. Crane et al.*]

have been complete, and the prior failure of title would have constituted no defence to the action on the bond. If then the defendants purchase this outstanding title, it becomes united to whatever interest they acquired by the conveyance from the plaintiff, and the plain equity is, that they should be allowed the full price paid for it, with interest and expenses, which should be deducted from the amount due on the bond. This would give the plaintiff all that he is equitably entitled to, and would do exact justice to the defendants. This is the true rule, and governs the present case: Loomis *v.* Bedel, 11 *N. Hamp. Rep.* 74; Spring *v.* Chase, 22 *Maine* 505; Lawler *v.* Collier, 19 *Mo.* 480; Leffingwell *v.* Elliott, 8 *Pick.* 455; 10 *Pick.* 204; Mellon's Appeal, 8 *Casey* 126. The court therefore erred in rejecting the testimony.

Judgment reversed, and a *venire de novo* awarded.