recovery could not exceed the amount of the note, and that the remainder of the recovery, after deducting the asssessment, was money in the hands of the receiver in security for future assessments. In the last case Davis, J., says, page 634: "The company is authorized to sue for any assessment, and it is clear in such a suit interest would be recoverable on the assessment from the time it fell due." The present action is of that precise character. Without questioning these two cases, I think they may be distinguished from the one under consideration.

If my conclusions are correct, this judgment should be affirmed with costs.

[BROOME GENERAL TERM, May 10, 1870. *Balcom, Murray, Parker* and *Boardman,* Justices.]

———•●●———

## EUROTAS MARVIN and FRANCIS J. CLARK *vs.* LOUISA C. SMITH and others.

E. S. being seised of certain premises in fee, conveyed the same, by deed, to B. forever, *in trust* to receive the rents and profits and appropriate the same for the sole use and benefit of L. S., the grantor's wife, according to her directions, and after her death, in case the grantor should survive her, to convey the premises to L. S.'s heirs; but in case no children or descendants should survive her, that then the remainder of the estate granted should, after her death, be conveyed to the grantor, if living. And in further trust that whenever the wife should, separate and apart from her husband, desire a sale or mortgage of the premises, or any part thereof, the grantee should sell or mortgage such part or portion, and pay over the proceeds to the wife, or reinvest the same according to her directions, given separate and apart from her husband. Subsequently L. S. joined with E. S. her husband, in a mortgage of said premises to the plaintiffs, to secure the payment of a precedent debt of E. S. to them, for which L. S. was not liable. In an action, brought after the death of E. S., to forclose the mortgage:

*Held* 1. That the trust declared in the deed was a valid trust.

2. That the power to sell or mortgage was also valid; notwithstanding the provisions of the 63d and 65th sections of the statute concerning uses and trusts, which prohibit the alienation of the interest of any person beneficially interested in a trust for the receipt of the rents and profits of lands.

Marvin *v.* Smith.

3. That the plaintiffs got no legal estate or interest under the power, inasmuch as there had been no attempt to execute the power.

4. That even if the interest of L. S. in the execution of the trust power was assignable, the mortgage did not operate as an assignment of it, either at law or in equity.

5. That the mortgage executed by L. S. in conjunction with her husband, did not satisfy the condition of the power that the wish for a sale or mortgage of the property should be expressed by her " separate and apart from her husband," and that the proceeds should be reinvested according to her directions to be given in the same manner.

6. That the power contemplated that the money to be raised by a mortgage of the premises should be paid over to L. S. or to be reinvested as she should direct. That the obvious intention of the grantor of the power was to secure the benefit of any execution of it to L. S. separate and apart from E. S.; and that the power did not authorize the giving of a mortgage to secure the payment of the husband's debt.

7. That the plaintiffs could not claim to be in any better position, in a court of equity, than they would be if there had been an attempt to execute the power, and the execution had been defective for want of some formality.

8. That L. S. being a mere surety, a court of equity would not remedy, as against her, at the instance of her husband's creditors, a defective execution of a power in which she was solely interested. And that, so far as L. S.'s interest under the trust power was concerned, and as against the trustee and grantee of the power, the plaintiffs had no title to relief.

9. That whether, by the deed of trust, the trustee would be entitled to hold the estate absolutely, after the termination of the deed of trust, or not, the grantor could not make a valid mortgage of the right remaining in him, if any there was, while the trust continued, even though the trustee had reconveyed.

10. That as the mortgagees got no other estate or interest in the land by virtue of the mortgage, that instrument could not be operative simply to transfer L. S.'s inchoate right of dower, which, being a mere possibility, was incapable of being transferred or released, except to one who already had, or, by the same instrument, got, an independent interest in the estate.

APPEAL by the plaintiff from an order made at a special term, dismissing the complaint. The action was brought for the foreclosure of a mortgage executed by Emory W. Smith and the defendant Louisa C. Smith, his wife, to the plaintiffs, on the 16th of February, 1857, to secure the payment of $2335.14, which mortgage was upon certain lands in Erie county, and was recorded in the clerk's office of that county.

The action was tried at a special term, before Justice

Talcott, without a jury, by whom the following facts were found, viz: On the 19th day of November, 1850, Emory W. Smith being seised in fee of certain premises in the city of Buffalo, described in the complaint, by deed duly executed, conveyed the same to Philander Bennett, to hold the same to the said Bennett forever, in trust for the purposes therein specified, and with power to sell or mortgage the same, which deed was duly recorded in the office of the clerk of Erie county, in liber 118, at page 34 of deeds, January 13th, 1851. On the 16th of February, 1857, the said Emory W. Smith and Louisa C., his wife, named in the said deed to Bennett, executed a mortgage of the same premises to the plaintiffs to secure a precedent debt to the amount of $2335.14, due from the said Emory W. Smith to the plaintiffs. The said Emory Smith died after the execution of the said mortgage, and before the commencement of this suit, leaving him surviving the said Louisa C. Smith, his widow, and Sylvester T. Smith, Albert G. Smith and Charles Smith, his heirs at law. Before the commencement of this suit the said Philander Bennett died, and the defendant Reuben C. Sage was substituted in his place, by order of the Supreme Court, as trustee under the said deed.

The plaintiffs requested the court to find as a matter of law, that after the execution of the trust deed to Bennett there was in Emory W. Smith an interest in the remainder, which was subject to the mortgage in suit. The court refused so to find or decide, and the plaintiffs' counsel excepted.

The plaintiffs further requested the court to find, that Louisa C. Smith had, at the time of the execution of the mortgage, an interest in the premises, which was the subject of mortgage. The court refused so to find, and the plaintiffs' counsel excepted.

The plaintiffs further requested the court to find that Emory W. Smith, at the time of the execution of the mort-

Marvin *v.* Smith.

gage, had an interest in said premises which was the subject of a mortgage. The court refused so to find, and the plaintiffs' counsel excepted.

The court found as a conclusion of law, that the plaintiffs were not entitled to maintain this action, and that the complaint should be dismissed with costs; and the plaintiffs' counsel excepted.

The following opinion was delivered by the justice at special term.

TALCOTT, J. In this case Emory W. Smith being seised of the premises described in the complaint, on the 19th of November, 1850, executed and delivered a deed thereof to Philander Bennett, whereby he granted, bargained, sold and conveyed the premises to the said Bennett forever, together with all and singular, the hereditaments and appurtenances thereunto belonging, " to have and to hold the same and every part and parcel thereof to the said party of the second part (Bennett) forever. In special trust and confidence, nevertheless, that he the said party of the second part shall hold the above bargained premises, and every part and parcel thereof, as a trust estate for the purposes following, to wit: That during the life of Louisa C. Smith, wife of the said party of the first part, the rents, issues and profits of the said lands and premises hereby granted, shall be by the said party of the second part received and appropriated for the sole use and benefit of the said Louisa C. Smith, according to such directions as she may give said party of the second part, separate and apart from her said husband, and that after her death, in case the said party of the first shall survive his said wife, said Louisa C. Smith, the remainder of said estate hereby granted shall be conveyed to the heirs of said Louisa C. Smith on her begotten, absolutely, to share and share alike. But in case no children or descendants of the said Louisa C. Smith shall survive her, that then the remainder of the

estate hereby granted, after her death, shall be conveyed to the said party of the first part, if living; and in further trust that whenever the said Louisa C. Smith, separate and apart from her husband, shall desire a sale or mortgage of the lands and premises hereby granted, or of any part or portion thereof, then the said party hereto of the second part shall sell or mortgage such part or portion thereof according to such directions, and pay over to the said Louisa C. Smith, or reinvest the proceeds of such sale or mortgage according to the directions given by the said Louisa C. Smith to said party of the second part, separate and apart from her said husband." And in and by the same deed the trust was accepted by Bennett. This deed was duly recorded January 13th, 1851.

On the 10th of February, 1857, the said Louisa C. Smith joined in a mortgage with the said Emory W., her husband, purporting to mortgage the same premises in the ordinary form, conditioned for the payment of $2335.14, which mortgage was executed to secure a precedent debt due from the said Emory W. Smith to the plaintiffs, and for which the wife was in no manner liable. No claim was made on the trial that the conveyance to Bennett was in fraud of creditors; in fact the evidence tended to show that the consideration of the conveyance to Bennett was realized, by Emory W. Smith, out of the separate property of his wife, sold and conveyed about the same time.

After the making of the mortgage Emory W. Smith died, leaving him surviving the said Louisa C. Smith, his widow, and Sylvester T. Smith, Albert G. Smith and Charles Smith, children of said Emory W. and Louisa C. The said Philander Bennett has also died, and Reubén C. Sage has, by an order of the court, been substituted in place of said Bennett to execute the trusts of said deed.

This action is brought to enforce the said mortgage, and the said Louisa C. Smith and her said children, and the said Reuben C. Sage, the substituted trustee, are, amongst

Marvin *v.* Smith.

others, made parties defendant. The heirs of Philander Bennett are not made parties to the suit. The said Louisa C. Smith, her children and the substituted trustee appear and resist the claims of the plaintiffs.

The trust declared in the deed is a valid trust.

I think ·the power is also valid, notwithstanding the provisions of the 63d and 65th sections of the statute concerning uses and trusts, which prohibit the alienation of the interest of any person beneficially interested in a trust for the receipt of the rents and profits of lands. (*Belmont* v. *O'Brien*, 12 *N. Rep.* 394.) Although the power in that case was to sell and reinvest upon the same trusts, and in this case there is no specific direction to apply the proceeds of the sale or mortgage to the same trusts, yet the argument of the opinion in that case I think satisfactorily shows, if argument were needed, that a trust and a power to terminate it, contingent or otherwise, may exist together where they are not inconsistent.

This brings us to the question whether the plaintiffs are entitled to enforce their mortgage for any purpose and to any extent. That they got no legal estate or interest under the power must be conceded, as there has been no attempt to execute the power. The extent of the claim as against Louisa C. Smith and the trustee is, that she, by the execution of the mortgage, has indicated that " desire" to mortgage which is specified as the condition upon which the power is to be exercised.

It is claimed on the part of the plaintiffs that the mortgage in question operates as a mortgage of the power under sections 90, 91 and 93 of the statute concerning powers. It might be sufficient to say in answer to this claim, that those sections by their terms relate solely to "*beneficial*" powers, and the power in question is not a " beneficial" power within the definition of the same statute. A power " is beneficial when no person other than the grantee has, by the terms of its creation, any in-

terest in its execution." (1 *R. S.* 732, § 80.) In this case the party beneficially interested is not the "grantee" of the power. A "person other than the grantee has by the terms of its creation" an interest in its execution.

I am also referred to the 103d and 104th sections of the statute concerning powers. The 103d section declares that the execution of a trust power "may be decreed in equity for the benefit of the creditors or assignees of any person entitled as one of the objects of the trust to compel its execution, when the interest of the objects of the trust is assignable." It may be doubted whether the "interest" of Mrs. Smith is assignable under the 63d section of the act concerning uses and trusts. Whether this be so or not, the statute only declares that the execution of the power "*may* be decreed in equity." That is, as I understand it, when, according to the principles of equity jurisprudence, the execution of a power will be decreed, which, as applicable to this case, will be considered hereafter. Section 104 relates solely to assignments under the fifth chapter of part 2, and it is enough to say that the mortgage in question is not one of the assignments specified in that section.

If the "interest" of Mrs. Smith in the execution of the trust power in question is assignable, I am of the opinion that the mortgage in question does not operate as an assignment of it, either at law or in equity. It is a well settled rule that the conditions of a power are to be strictly complied with. The power in this case, according to the terms of its creation, is to be exercised upon the "desire" of Mrs. Smith, but it is also conditioned that such "desire" must be "separate and apart from her husband," and the direction as to what is to be done with the proceeds must be given by her *to the trustee* separate and apart from her husband. This is a substantial condition, evidently intended to provide against her being enabled to call for the execution of the power through the influence or control of

her husband. A disposition by a married woman in conjunction with her husband without the solemnities required by the power, although the trustees act upon it, will not be supported on the ground of intention and power to do the act, for the ceremonies in such a case are introduced for the express purpose of protecting the wife against the husband, and are matters of substance and not form." (*Hopkins* v. *Mayaal,* 2 *Russ. & Mylne,* 86. *Sugden on Powers, ch.* 10, § 1, *p.* 13.)

I do not think that the mortgage in this case, executed by Mrs. Smith in conjunction with her husband, even (although it appears that she acknowledged the *execution of the mortgage* on a private examination, apart from her husband) satisfies the condition of the power. Again, the power contemplates that the money to be raised by a mortgage of the premises is to be paid over to Mrs. Smith, or to be reinvested as she shall direct. The obvious intention of the grantor of the power was to secure the benefit of any execution of it to Mrs. Smith, separate and apart from her husband, and I do not think the power authorizes a mortgage for the security of the husband's debt by its terms or by any just implication.

Again, the plaintiffs cannot claim to be in any better position in a court of equity than they would be if there had been an attempt to execute the power, the execution of which was defective for want of some formality. Now, although the defective execution of a power is remedied in equity in favor of creditors, yet it is well settled that "the character of creditor must be borne by the party claiming relief, in relation to the donee of the power, and not to the person creating the power." (2 *Sugden on Powers, ch.* 10, § 1, *pp.* 24, 25.) So that if Mrs. Smith herself had been the donee of the power, a defective execution thereof would not be remedied in equity in favor of the creditors of the husband. Here she is a mere surety. The liability of a surety is *strictissimi juris,* and there are few instances

where a creditor can have equitable relief against a surety, extending the rights of the creditor beyond those which he has acquired at law. For these reasons a court of equity will not remedy as against the wife, at the instance of the husband's creditor, a defective execution of a power in which she is solely interested. (*Yale* v. *Dederer,* 18 *N. Y. Rep.* 265.) So far, then, as Mrs. Smith's interest under the trust power is concerned, and, as against the trustee and grantee of the power, the plaintiffs have no title to relief.

But the plaintiffs also claim that, inasmuch as the trust deed does not in express terms dispose of the remainder of the estate in a certain contingency which has happened, to wit, the event that Mrs. Smith shall survive her husband, such contingent remainder remained in Emory W. Smith, and passed by the mortgage in question under sections 61 and 62 of the statute concerning uses and trusts. The grant to Bennett conveys to him the estate "forever." This, under the present law, conveys the fee, unless the intent to pass a less estate shall appear by express terms, or by necessary implication from the terms. (1 *R. S.* 748, § 1.) The 60th section of the act concerning uses and trusts provides that every express trust, valid as such in its creation, shall vest the whole estate in the trustee, subject only to the execution of the trust, except as otherwise in the statute provided. The 62d section provides for estates and interests not embraced in the trust and "not otherwise disposed of." The purpose for which the express trust was created has not yet ceased, under section 67. Whether, therefore, by the conveyance to Bennett he would be entitled to hold the estate absolutely, after the termination of the trust, or not, as I understand the decision of the Court of Appeals in *Briggs* v. *Davis,* (*reported in* 20 *N. Y. Rep.* 16, *and partially reversed on reargument in* 21 *id.* 574,) the grantor of the estate could not make a valid mortgage of the right remaining in him, if any there was,

while the trust continued, even though the trustee had reconveyed.

There remains to be considered another view suggested by the plaintiffs' counsel, to wit, that inasmuch as Mrs. Smith did not join in the conveyance to Bennett, her inchoate right of dower remained intact, and passed by the mortgage, and has become perfect by the death of her husband. But as I am of the opinion that the mortgagees got no other estate or interest in the land by virtue of the mortgage, I think it could not be operative simply to transfer the inchoate right of dower, which, being a mere possibility, is incapable of being transferred or released except to one who already has, or, by the same instrument, gets an independent interest in the estate.

It was claimed by the counsel for the defendant, that under the deed to Bennett the remainder of the estate, after the termination of the trust, would pass to the children of Louisa C. Smith, notwithstanding her survivorship of her husband. In the view I have taken of the case it does not become necessary to decide this point, as I am of the opinion that the plaintiffs took no interest under the mortgage, irrespective of the question whether the remainder of the estate after the termination of the trust is disposed of by the trust deed or not.

The complaint must be dismissed, with costs to the parties who have appeared and answered.

Judgment being entered, in accordance with this opinion, the plaintiffs appealed.

*John Ganson,* for the appellants.

I. The mortgage is a lien upon any interest which Emory W. Smith or Louisa C. Smith had in the premises, at the date of the execution thereof. The defendant Emory W. Smith being the owner in fee of the premises at the time of the conveyance to Bennett, any estate not

embraced in or conveyed by that conveyance, remained in the grantor Smith, and was an estate susceptible of being mortgaged or conveyed at the time of the execution of the mortgage to the plaintiffs. (*See* § 80 [61] *of the statute relating to uses and trusts*; *Sterriker* v. *Dickinson*, 9 *Barb*. 520; *Moore* v. *Little*, 2 *Hand*, 66; *Mead* v. *Mitchell*, 17 *N. Y. Rep*. 210.) The trust created was to receive the rents and profits of the premises during the life of Louisa C. Smith, and to make a conveyance of the premises in case the said Emory W. Smith survived the said Louisa C. The contingency of the said Louisa C. surviving the grantor is not provided for, and the remainder existing after the death of said Louisa C. Smith, in case she survived the grantor, was undisposed of and remained in the grantor. This interest was susceptible of grant or mortgage, and was mortgaged by said Smith to the plaintiffs by the mortgage in suit. On the decease of the said Emory, his heirs at law became vested in the remainder, subject to the lien of the plaintiffs' mortgage.

II. The further trust to sell or mortgage the premises according to the directions of the defendant Louisa C. Smith, cannot be sustained as a trust; it is not one of the trusts authorized by statute, and if it has any force or validity it can only be as a *power in trust*. If it be a power in trust then the remainder, not included in the express trust, remained vested in the grantor or his assignees, subject to the execution of the trust as a power. (*See* § 78 [59] of the statute of uses and trusts.)

If the power to sell be valid as a power in trust, then the execution of the mortgage by Louisa C. Smith is a valid execution of a direction to the trustee to mortgage, and a court of equity will regard and enforce it as a direction to the trustee for an exercise of the power in trust. Section 123 (103) of the statute relating to uses and trusts, provides that "the execution, in whole or in part, of any trust power may be decreed in equity for the benefit of

the creditors or assignees of any person entitled, as one of the objects of the trust, to compel its execution when the interest of the objects of such trust is assignable." And section 124 (104) provides, that "every beneficial power, and the interest of every person entitled to compel the execution of a trust power, shall pass to the assignees of the estate and effects of a person in whom such power or interest is vested, under any assignment authorized by the provisions of the fifth chapter of this act." The statute thus clearly indicates that the person holding the beneficial interest or estate capable of being received by them on the execution of a power in trust, may mortgage or assign the same, and that the assignee or mortgagee stands in the position of the beneficiary.

III. There remained in Louisa C. Smith an interest in the remainder which was subject to the mortgage, and she could terminate that interest by directing the trustee to sell the premises, and such interest would be terminated on a conveyance made pursuant to such direction. If no conveyance was made by the trustee, under the power conferred upon him, during the life of Louisa C. Smith, then the fee simple would go to the heirs of Emory W. Smith, subject to the mortgage. (1 *R. S.* 729, § 62.)

IV. Louisa C. Smith, as the appointee of the power conferred upon the trustee by the deed of her husband, had a beneficial interest in the premises, which is the subject of mortgage or assignment. (1 *R. S.* 734, §§ 93, 94, 103, 104.) Neither the donee nor the appointee of the power have undertaken to execute it; therefore the rules applicable to the defective execution of powers have not any application to this cause.

Judgment should have been given directing a sale of the premises if the mortgage debt was not paid within a time to be specified by the judgment, and that from the proceeds of the sale the plaintiffs' mortgage be paid, and

the surplus, if any, be paid to Mrs. Smith, or be invested as she may direct.

*O. O. Cottle,* for the respondent Louisa C. Smith, and R. C. Sage, her trustee.

The mortgage contained no covenant to pay the debt, and no bond to secure such payment. There was no other consideration for it than a precedent debt from the husband to the plaintiff, for which Louisa C. Smith was in no manner liable. That debt was in judgment against Emory W. Smith prior to the execution of the mortgage, and there was no covenant or agreement staying the collection of the judgment against Emory W. Smith; nor was the judgment discharged.

I. The trust deed created an express trust, and during the continuance of the trust the whole title, both legal and equitable, vested in the trustee. (2 *R. S. ch.* 1, *tit.* 2, *art.* 2, §§ 55, 60.) "No person beneficially interested in a trust for the receipt of the rents and profits of lands, can assign or in any manner dispose of such interest." (*Id.* § 66.) As the trust estate was valid, and continued during the life of Louisa C. Smith, she could not make a valid legal mortgage of it. Her attempted mortgage would create no lien.

II. The mortgage was not good as the execution of a power. The power was not granted to Louisa C. Smith, but to Philander Bennett. Therefore the power was not bound by a mortgage executed by Mrs. Smith, under sections 90, 91 of the chapter on powers.

III. The plaintiffs are not in the position of "creditors" of Mrs. Smith, and cannot as "creditors" compel the execution of the power, under section 103. (*Id. art.* 4, § 139.)

IV. There is nothing in the mortgage indicating an intention to "assign" the beneficial interest of Mrs. Smith under the power in trust granted to the trustee Philander Bennett. The *habendum* clause of the mortgage is in

these words, and no more: "to have and to hold the above bargained premises to the said party of the second part," &c., and the words of grant are, simply, that she has granted "all that certain piece or parcel of land," &c.

V. "With the exceptions contained in the preceding sections, the intentions of the grantor of a power, as to the mode, time and conditions of its execution, shall be observed," &c. (*Ch. of R. S. entitled* "*Of Powers*," § 121.) I do not find any exceptions mentioned in the statute which would dispense with the condition that the sale or mortgage should be made in consideration of a sum to be received by the trustee. The requirement that the proceeds of the mortgage or sale should be reinvested or paid over, necessarily implies that he should receive the sum for which the mortgage was given or the sale was made. An execution of the power in favor of the husband's creditors is a violation of that condition, as the "proceeds" are not then reinvested or paid over to the wife, the *cestui que trust*, and the creditor who accepts such an execution of a power in his favor does so with notice of that violation of the conditions upon which the power was to be executed. The power of sale or to mortgage could only be executed for the purposes for which it was created. (36 *N. Y. Rep.* 581.)

VI. The conditions of the execution of the power were not complied with. 1st. There was no "desire" expressed by Mrs. Smith "separate and apart from her husband" that the power should be executed. 2d. There were no directions "separate and apart" from her husband as to the disposition of the proceeds. 3d. The "proceeds" were not received by the trustee. These conditions of the execution of the power were all matters of substance and not of form, and a strict compliance was necessary to a valid execution of the power. (*Hopkins* v. *Myall,* 2 *Russ. & Myl.* 86. *Sugden on Powers,* ch. 10, § 1, *p.* 13. *R. S. ch. entitled* "*Of Powers*," § 121.)

VII. The execution of the power could only be enforced in equity; and the plaintiffs must show themselves entitled to aid upon equitable principles before they can set a court of equity in motion. The instrument or mortgage executed by Mrs. Smith could not constitute a legal transfer of, or lien upon, the land.

The plaintiffs' claim is, that through it they derive an equity which will enable them to appeal to the equitable powers of the court for a decree compelling the trustee to execute what they do not now possess, to wit, a legal mortgage or lien upon the property. In considering whether the plaintiffs have any equity, let us bear in mind the following facts: 1st. That Mrs. Smith, the *cestui que trust,* is a married woman. 2d. That the wife simply united in executing the mortgage with her husband. 3d. That the sole consideration for the mortgage was a preëxisting debt of the husband. 4th. That the wife was in no manner, either in law or equity, bound or liable for the payment of the debt. 5th. That any pledge or mortgage of the property, was without any legal or moral obligation on her part to make it; that she derived no benefit or advantage from the making of it, and the plaintiffs parted with nothing upon the strength of it.

She was in the position of a mere volunteer, and had her property or interests become liable at all, she would thereby have been in the position of surety. *Ex nudo pacto non oritur actio.* Mrs. Smith received no consideration from the execution of the instrument, the plaintiffs parted with nothing on the credit of it, and there is no ground for an appeal to the court for aid founded upon it. There was not even a naked promise. It will be observed that the debt consisted of judgments against Emory W. Smith, and as the judgments were not discharged, and there was no agreement for extension of time of payment, the plaintiffs parted with nothing, and lost none of their remedies. upon the judgments by the execution of the mortgage.

Marvin *v.* Smith.

A court of equity will not aid the defective execution of a power, in favor of a volunteer. (1 *Story's Eq. Jur.* § 176. 2 *Sugd. on Powers, ch.* 10, §§ 7, 17. 4 *John. Ch.* 500.) At page 98, (marginal,) section 25 of *Sugden on Powers,* volume 2, I understand the author as approving of this proposition, to wit : "If the power of appointment be general, an execution of it in favor of her husband's creditors, if defective, could not be supported in equity, for there was no contract or consideration, and the creditors had no claim upon the wife." In this case there was no contract or consideration, and nothing upon which the plaintiffs could found an equity, entitling them to relief. (*See* 2 *Sugden on Powers, ch.* 10, § 13.) In a case of defective acknowledgment, (6 *Wend.* 20,) Senator Beardsley remarks : " I very much doubt whether any agreement could be made with a married woman in relation to lands, that could be enforced in equity against her. If any agreement could be enforced, it would probably be one where the consideration money was secured for her separate use, and where it should appear not to have been contrary to her interest."

VIII. The plaintiffs are not entitled to equitable relief, because Mrs. Smith stands merely in the position of surety for her husband's debt. If the equities are equal, a court of equity is silent and passive. (1 *Story's Eq. Jur.* § 176.) "It has been correctly urged that sureties are favorites of courts of equity, and that these courts will not bind them, where they are not strictly bound at law." (*See opinion of Spencer, J.,* 2 *Caines' Cas.* 29.) And that the surety and creditor are equally innocent and the equities equal between them. (*Id.*) These propositions are cited and approved in the opinion of Judge Comstock, in the case of *Yale* v. *Dederer,* (18 *N. Rep.* 276.) He says : " Can, then, the principle on which the liability depends be extended to cases of mere suretyship, for the husband or a stranger ? It seems to me it cannot. The obligation of a surety in all other cases is held to be *stricti juris,* and if his

contract is void at law, there is no liability in equity
founded on the consideration between the principal par-
ties." He further says that the case (2 *Caines' Cases*,)
above cited, was determined against the plaintiff on the
ground that there was no equitable liability upon a surety
where he could not be held at law," and approves of the
principle. And that case was one where the undertaking
of the surety was contemporaneous with the creation of
the liability by the principal. See also *Kelso* v. *Tabor*,
(52 *Barb*. 125, 131,) for a reaffirmance of the principle
"that there is no equitable liability upon a surety where
he could not be held at law." It is still more certain that
there is no equity springing out of the consideration as
against a surety for a preëxisting debt of the principal.
And when it is considered that the surety is a married
woman, against whom no promise can be implied, and
that the attempt to imply an undertaking is simply based
on her joining with her husband in executing a mortgage,
not a valid lien at law, and which contains no promise or
undertaking on her part, and from the execution of which
she derived no benefit, and that the mortgagee parted
with nothing on the strength of it, we shall see that there
exist in this case several grounds which have usually been
held sufficient to justify a court of equity in withholding
its aid, but none upon which it has granted its aid.

IX. The surplus income of the trust estate cannot be
reached under section 57, title 2, chapter 1, part 2, Revised
Statutes, because the plaintiffs are not creditors of the
*cestui que trust*.

X. Mrs. Smith's contingent right of dower did not pass
by the mortgage. The trust estate created by the trust
deed continued during her life, and under the mortgage
the mortgagee took no other title to the land during her
life; and a contingent right of dower is not assignable, nor
is it the subject of grant. (4 *Seld*. 110, 113.) The respond-
ents Louisa C. Smith and Reuben C. Sage, her trustee,

were therefore entitled to have the plaintiffs' complaint dismissed, so far as their interests were concerned, and the judgment should be affirmed as to them.

*James A. Allen,* for the respondents S. P., A. G. and Charles Smith.

These respondents are made parties as the children of Emory W. and Louisa C. Smith, and as such, either under the trust deed or as heirs of Emory W. Smith, having an interest in the premises.

I. These respondents take under the trust deed as purchasers, and not by inheritance. That deed was executed and recorded in 1850–1, and the plaintiffs' mortgage in 1857, six or seven years later. The interest derived by these respondents under that deed, is therefore prior and superior to the plaintiffs' mortgage.

After the execution of that deed there was no reversionary interest in Emory W. Smith. The deed is from Emory W. Smith to Philander Bennett. It is for and in consideration of $2000, the receipt whereof is thereby expressly acknowledged by Emory W. Smith, and grants the premises in question to the said Philander Bennett forever, to have and to hold the same unto the said party of the second part forever. The party of the second part named is Philander Bennett, and a complete and absolute deed of conveyance in fee simple absolute is made to Philander Bennett. In the granting and habendum clauses, there is nothing to indicate that he takes as trustee. These words are sufficient to convey an estate of inheritance. "The term 'heirs' or other words of inheritance, shall not be requisite to create or convey an estate in fee; and every grant or devise of real estate, or any interest therein hereafter to be executed, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant." (2 *R. S. ch.* 1, *tit.* 5, § 1.) The in-

tent to pass a less estate does not appear from the deed, either "by express terms," or by necessary implication. In fact all the terms used in the deed indicate an intention on the part of the grantor to pass all his estate by the deed. It is not a voluntary settlement, but the grant is made in consideration of the sum of $2000, and it is declared to be forever. Upon this estate there is created a valid express trust for the benefit of Louisa C. Smith, to continue during her life.

It appears in evidence that at the time of the execution of this deed Louisa C. Smith had three children, these respondents, and the deed directs that after her death, "the remainder of the said estate hereby granted shall be conveyed to the heirs of the said Louisa C. Smith, on her begotten, absolutely, to share and share alike." The preliminary clause that it shall be so conveyed to them "in case the said party of the first part shall survive his said wife," was in fact a manifestation of an intention that the land should not revert to him, in the event of his surviving his wife, and it is evident that there was no thought in the minds of the parties to the deed that the land could be granted to or revert to him in the only contingency not expressly provided for, to wit, the contingency of his dying before the death of his wife, and before the termination of the trust estate. He having granted the premises to Philander Bennett, forever, and then having provided what should be the disposition of the land in the event of his surviving the termination of the trust estate, it is evident that he had no thought or intention of ever having any further interest in the land. If he survived his wife, the land was to be conveyed to her heirs. If he did not survive his wife, evidently the land could not be conveyed to him, and it is quite manifest that he could not have intended that there should be a remainder in him in the case of his dying before the termination of the trust estate, particularly as he has expressly provided a different dis-

position of the estate in every contingency upon which it could have come back to him in his lifetime.

Besides, the deed expressly provided for one contingency upon the happening of which the remainder of the estate thereby granted should be granted to him, Emory W. Smith. The attention of the court is particularly called to that clause of the deed as throwing much light upon the intention of the parties, It is in these words, viz., "but in case no children or descendants of the said Louisa C. Smith shall survive her, that then the remainder of the estate hereby granted, after her death, shall be conveyed to the said party of the first part, if living. From this it will be discovered that it was supposed the grant to Philander Bennett conveyed to him the whole estate, and that it was intended to convey to him the whole estate, and not that a remainder should be left in Emory W. Smith after the termination of the estate; and the clause which directs the remainder of the estate granted by the deed to be conveyed to Emory W. Smith in the event of his surviving his wife and all of her descendants, necessarily implies, that the deed was intended to and was interpreted as conveying to Philander Bennett the whole estate or fee. It was the remainder of the estate granted to Philander Bennett which, in the contingency provided for, was to be conveyed by him to Emory W. Smith, and it was the remainder after the termination of the trust estate, which was thus to be conveyed by Philander Bennett. It would seem to follow that not only the trust estate for the life of Mrs. Smith was conveyed to Philander Bennett, but the remainder after the termination of that estate, and such remainder (which is referred to in that clause as "hereby granted") is the remainder to be conveyed to Emory W. Smith in the contingency provided for.

That remainder is thus referred to in the deed as "hereby granted" to Philander Bennett, and when the general scope and manifest purpose of the deed is considered in

connection with the statute which provides that every grant of real estate shall pass all the estate or interest of the grantor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant, it will not do violence to the terms of the deed, nor conflict with any rule of construction, to hold, as the learned judge before whom this cause was tried held, that the deed was intended to pass, and did pass, the whole estate, and that there was no remainder in Emory W. Smith upon which the plaintiffs' mortgage was a lien after the death of Emory W. Smith.

The grantor, Emory W. Smith, was paid $2000 for this land, and it cannot be supposed that the parties intended the land should go back to him who had been paid for it. (5 *Seld.* 219, 223.) The deed expressly provided for a conveyance by Philander Bennett, to the grantor, of the remainder of the estate after the termination of the trust estate, in a certain contingency, and the intent that there should be a conveyance of the remainder to him except upon the occurrence of the contingency provided for, is excluded by necessary implication. *Expressio unius est exclusio alterius,* is a leading maxim in the construction of deeds. The express mention of a contingency upon which the remainder should be conveyed to the grantor, excludes the idea of his having the remainder, except upon the happening of that contingency. A deed will be expounded so as to give effect to the intent of the parties. A thing which is within the intention of the maker of an instrument is as much within the instrument as if it were within the letter, and a thing which is within the letter of the instrument is not within the instrument, unless it be within the intention of the maker. (*Holmes* v. *Carley,* 31 *N. Y. Rep.* 289, *and cases cited. See also* 2 *Sugden on Powers, ch.* 10, § 6, *pp.* 23, 153; 1 *John. Cas.* 399; 3 *John.* 388.) It is submitted that it was intended that the whole estate should pass by the deed, and that it should be so expounded.

Marvin *v.* Smith.

There is another clause of the deed which throws some light upon the intention of the parties—the power to sell or mortgage. The proceeds of such sale or mortgage are directed to be paid over to the said Louisa C. Smith, or reinvested according to the direction given by the said Louisa C. Smith, separate and apart from her said husband. There is in this clause no manifestation of any intention to preserve any interest for the grantor after the death of his wife, or any control over, or interest in, the premises. Whether the deed should be construed as leaving the remainder in Philander Bennett, or by just implication requiring the conveyance of it to the heirs of Louisa C. Smith, these respondents, depends, it is submitted, very much upon a fact which does not sufficiently appear from the case, to wit, by whom the consideration, $2000, was paid. The learned judge, in his opinion, says: "In fact the evidence tended to show that the consideration of the conveyance to Bennett was realized by Emory W. Smith, out of the separate property of his wife, sold and conveyed about the same time." This evidence is not set forth in the case, and it is not deemed necessary to support the judgment in this action that the court should determine the respective rights of these respondents and Philander Bennett or his heirs, as between themselves. It is sufficient that there was no interest left in Emory W. Smith to which the plaintiffs are entitled by virtue of their mortgage.

The court will readily discover that the deed was inartificially drawn; but from examination of all of its provisions, and consideration of the situation of the parties, it is believed an intention might fairly be discovered that the remainder should be conveyed to these respondents, the children of Louisa C. Smith, either directly by the deed and the operation of the statute concerning uses and trusts, or by a conveyance from Bennett, particularly were the case strengthened by the evidence referred to in the opin-

ion, showing that the consideration was paid by her out of her separate estate.

For the effect of the mortgage considered in connection with the power contained in the deed, the court is respectfully referred to the opinion of Judge Talcott, and the points and argument for the respondents Louisa C. Smith and Reuben C. Sage, trustee.

There was no error in the judgment appealed from, and it should be affirmed, with costs.

THE COURT affirmed the judgment of the special term; no written opinion being delivered.

[FOURTH JUDICIAL DEPARTMENT, GENERAL TERM at Buffalo, June 6, 1870. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]

———•●•———

FANNIE P. COTTLE, appellant, *vs.* LEVINUS VANDERHEYDEN, general guardian of Charles L. Petrie, a minor, respondent.

A married daughter of an intestate, over the age of twenty-one years, is entitled to administration upon his estate in preference to the guardian of a minor.

APPEAL from an order of the surrogate of Herkimer county appointing the respondent administrator of the estate of Joram Petrie, deceased.

On the 16th day of October, 1869, Joram Petrie died, at Little Falls, Herkimer county, intestate. He left no widow. His only next of kin entitled to share in his estate were Fannie P. Cottle, wife of O. O. Cottle, of Buffalo, who was his daughter and more than twenty-one years of age, and Charles L. Petrie, of Little Falls, a minor of the age of seventeen years, his son. The respondent, Levinus Vanderheyden, of the city of Troy, was appointed general guardian of the minor son, and filed his petition with the