JOHN SCHROEDER, Appellant, v. WILLIAM H. GURNEY AND OTHERS, Respondents.

*Recording act — Bona fide purchaser — Proceedings to determine conflicting claims to real property — when maintainable.*

July 11, 1866, N. Case conveyed certain real estate to one Catharine M. Brierly in trust to receive the rents, and apply the same to the use of herself and B. W. Case, the premises to revert, after the death of Brierly and B. W. Case, to the issue or heirs at law of the latter, if he left any, otherwise to the heirs of the grantor.

The deed was lost soon after execution, but was afterwards found and was recorded March 1, 1875. N. Case continued in possession of the land. Brierly died in 1870, and devised her interest in the premises to B. W. Case. In 1872 N. Case, as special guardian of B. W. Case, in pursuance of an order of the County Court, conveyed the premises to the plaintiff for $2,000, he giving back a mortgage (without any personal covenant on his part) to secure the same, payable on B. W. Case's arriving at age. Plaintiff, at the time of his purchase, knew that a former deed had been given and lost, but did not know its contents. About the same time, to perfect the record, he took a deed from N. Case individually, upon the same consideration as the deed from the special guardian — the deed being dated January 1, 1868, and recorded February 12, 1875. *Held*, (1) that the deed from the special guardian was a nullity, as the infant had no interest in the premises; (2) that the deed from Case was not entitled to priority over the trust deed, for the reason that the plaintiff was not a *bona fide* purchaser thereunder, the only consideration therefor being a mortgage not yet due.

One who is in possession of real property, claiming title thereto, is possessed of a sufficient estate therein to maintain proceedings under the Revised Statutes to determine conflicting claims thereto.

Courts of equity will generally give relief under a bill *quia timet*, only where it is necessary to resort to extrinsic evidence not of record, to show the invalidity of the instrument constituting the apparent cloud upon the title.

Appeal from a judgment entered on the decision of the court at Special Term in Erie county, dismissing the complaint on the merits, with costs.

This action was brought to determine conflicting claims to real property and to remove a cloud from the plaintiff's title.

On the 10th day of July, 1866, Nehemiah Case, being seized in fee and in the possession of fifty acres of land in the town of Brant (the real estate in question), conveyed the same by deed, expressing

the consideration of one dollar, to Catharine M. Brierly, in trust to receive the issues, rents and profits of said premises, and apply the same to the use of herself and Benjamin Welch Case, during their natural lives. The deed provided " that after the death of Catharine M. Brierly and Benjamin Welch Case, the premises should revert to the heirs of the grantor, in case the said Benjamin Welch Case should leave no lawful issue, but should he leave such issue, the premises should belong to them." The deed was lost soon after its delivery, but was found some years afterwards, and was recorded March 1, 1875. Catharine M. Brierly died on the 25th of September, 1870, leaving a will by which she devised her interest in the premises to Benjamin Welch Case. On the 25th of March, 1872, Nehemiah Case, as special guardian of Benjamin Welch Case, who was an infant, pursuant to an order of the Erie County Court, granted on his application, in proceedings instituted for that purpose, sold the interest of the infant in said premises and executed a deed thereof to the plaintiff, for the consideration expressed of $2,000, which deed was recorded on the 9th of January, 1873. To secure the payment of such consideration, the plaintiff executed a mortgage on the premises, with no personal covenant, however, on his part, to the treasurer of Erie county, in trust for said infant, with interest payable semi-annually, the principal payable when the infant should reach the age of twenty-one years. The mortgage was executed pursuant to the contract of sale made in the County Court proceedings, and it contained a condition for the protection of the plaintiff against defect of title. The mortgage was recorded March 25th, 1872. The plaintiff entered on the premises soon after, and has been in possession ever since. On 15th March, 1872, Nehemiah Case and his wife executed a deed of the premises to the plaintiff, which was dated January 1, 1868, and recorded February 12, 1875. The deed last mentioned was executed to supply the lack in the title caused by the loss of the deed of July 10, 1866, and was executed for the same consideration as the deed of the special guardian. The court found that the plaintiff purchased without actual notice of any trust affecting the title, and supposing that Mrs. Brierly and Benjamin Welch Case owned the property absolutely, in fee.

The defendant Gurney claims the premises, as the purchaser, at a sheriff's sale, by virtue of an execution on a judgment against

Nehemiah Case, docketed on the 29th September, 1868. The sale was made July 2, 1874, and the sheriff gave Gurney a certificate of the sale, which was duly filed and recorded.

The court held that the plaintiff had no interest in the real estate sufficient to enable him to maintain the action.

*O. O. Cottle,* for the appellant.

*L. L. Lewis,* for the respondents.

SMITH, J.:

A question much discussed in the briefs submitted in this case, and the one upon which the court, at Special Term, is understood to have ordered a dismissal of the complaint, is, whether the plaintiff had such an estate in the land as would enable him to maintain an action to remove a cloud upon the title.

The position of the plaintiff's counsel, that his client has an estate in fee, is not tenable. He rests the claim upon the deed from Nehemiah Case, as the special guardian of Benjamin Welch Case, and also the deed executed by Nehemiah Case and wife in their own right.

The plaintiff acquired no title whatever by the deed from the special guardian. The infant, Benjamin Welch Case, had no interest in the land that could be conveyed. The deed from Nehemiah Case and wife to Mrs. Brierly created a valid trust in the grantee for the benefit of herself and Benjamin Welch Case. (1 R. S., 728, § 55, subd. 1.) The whole estate was vested in the trustee, subject only to the execution of the trust. (Id., § 60.) The beneficiaries, as such, took no estate or interest in the lands, but merely an equity to enforce the trust. (Id.) The beneficial interest of Benjamin Welch Case in the rents and profits of the lands was not assignable. (Id., § 63.) Mrs. Brierly, the trustee, had no devisable interest in the lands, and on her death, the trust estate did not pass by her will nor descend to her heirs, but the trust vested in the court, to be executed by some person to be appointed for that purpose. (Id., § 68.) It follows that Benjamin Welch Case took no estate in the land, either by the deed from Nehemiah Case to Mrs. Brierly or by the will of Mrs Brierly; that he had no assignable

interest; that the proceeding in the County Court was a nullity, and that the conveyance from the special guardian to the plaintiff transferred nothing.

The plaintiff's claim in respect to the deed executed to himself by Nehemiah Case and wife, in their own right, is, that although such deed was subsequent in date to the trust deed, it has priority, as it was first recorded, and he purchased without notice of the trust. The court, at Special Term, found, upon sufficient evidence, that he purchased without actual notice, and we are of the opinion that he is not chargeable with constructive notice of the trust. It appears that although he was informed that Case had executed a deed, he was not told that it created a trust; that information was sufficient, however, to put him on inquiry. But the deed was lost, and there was no record of it, and he could only inquire of those who were cognizant of the transaction. The information acquired by him led him to suppose that Mrs. Brierly and Benjamin Welch Case took the property absolutely, and in fee. And as Mrs. Brierly had devised her interest to Benjamin Welch Case, the plaintiff had reason to suppose that in taking a conveyance of the interest of the latter he was getting a good title. And as an additional precaution, he took a conveyance from Case, in his own right, to supply, if possible, the missing link in the chain. These facts, which are found by the court below, show him to have used due diligence on his part, and to have failed to discover that the deed created a trust, and therefore he is not chargeable with constructive notice. (*Williamson* v. *Brown*, 15 N. Y., 354.) But although he had no notice of the trust, he is not entitled to priority under the recording act, for the reason that he was not a *bona fide* purchaser within the meaning of the act. He parted with nothing of value. He paid nothing at the time, and incurred no personal obligation. He gave a mortgage, without a personal covenant, on the property conveyed, for the entire purchase-price, which is not yet due, and on which he has not paid any thing except the annual interest, and for that he has received an equivalent in the possession and use of the property. It does not appear that he has expended any thing for improvements, or but that he would be in as good a position as he was in before he purchased, if the trust deed should be declared paramount to his own. Besides, the mortgage executed by him

contains a clause expressly protecting him against a defect of title. He is not, therefore, a purchaser for a valuable consideration within the meaning of the recording act, and his deed is not entitled to priority over the trust deed. (*Dickerson* v. *Tillinghast*, 4 Paige, 215 ; *Evertson* v. *Evertson*, 5 id., 644; *Wood* v. *Chapin*, 3 Kern., 509 ; *Pickett* v. *Barron*, 29 Barb., 505.) He will not be defrauded if the trust deed is to stand in opposition to his title. (Per PLATT, J., in *Dunham* v. *Dey*, 15 Johns., 555.)

But it is difficult to see how the plaintiff's lack of an estate in fee is available to the defendants in this action. The plaintiff is not in the position of a party suing to recover possession, who can only succeed upon the strength of his own title. The plaintiff is in possession, under a claim of title, and no one can dispossess him except the holder of the legal estate created by the trust deed. There is a class of American cases, of highly respectable authority, which hold that the actual possession of land under a claim of title, whether well or ill founded, proves or constitutes seizin in the sense of the common law. Although the point of contention in those cases was what amount of interest in the land must pass with a grant, to carry with it a covenant in the deed, yet the ruling that possession under a claim of right is an estate, is applicable to the present case. The doctrine above stated has long been held in Massachusetts. It has been adopted in this State. (*Beddoe's Exr.* v. *Wadsworth*, 21 Wend., 120; *Fowler* v. *Poling*, 2 Barb., 300; S. C., on appeal, 6 id., 166.) The Massachusetts cases, and some from other States, are cited by Hare & Wallace in their notes to Smith's Leading Cases (vol. 1, p. 157 [5th ed.]). "This course of decision," says the annotator, "gives to a wrongful possession under a claim of right the character of an estate, which, although voidable by the entry or action of the rightful owner, is, notwithstanding, actual, and will, unless avoided, ripen under the statute of limitations into an indefeasible fee." (See, also, *Craft* v. *Merrill*, 14 N. Y., 456.)

We are of the opinion, therefore, that the plaintiff's possession, under a claim of title, is a sufficient estate to enable him to maintain the present action against the defendants, who are strangers to the trust title, and who claim in hostility to it, provided the action can be maintained in other respects.

But we are unable to assent to the position that the acts of the

defendants, of which the plaintiff complains, constitute a cloud upon the plaintiff's title. The defendants' judgment against Case was not a lien upon the land in question, it having been docketed after the execution and delivery of the trust deed. (*Chautauqua Co. Bank v. White*, 2 Seld., 236.) The appellant's counsel is correct in his position that the trust deed divested Case of his entire estate and vested it in the trustee, and that a contingent remainder or reversion, if there had been any, could not be sold during the continuance of the trust. (*Briggs v. Davis*, 20 N. Y., 16; S. C., partly revd., 21 id., 574; *Marvin v. Smith*, 56 Barb., 600.) The facts that the deed was not recorded, and that Case was in possession when the judgment was obtained, make no difference. An unrecorded deed has preference over a subsequent judgment, and the court found at Special Term that the trust deed was executed and delivered at its date for a sufficient consideration and without intent to defraud creditors.

Neither is the judgment now an apparent lien, the trust deed being recorded. It was otherwise, perhaps, before the deed was recorded and while Case was in possession. And if the purchaser at the sheriff's sale had received a deed from the sheriff and put it on record, without notice of the trust deed, he would have been entitled to priority under the recording act. (*Jackson v. Chamberlain*, 8 Wend., 620; *Hetzell v. Barber*, decided in Court of Appeals, March 20, 1877, opinion by EARL, J.) But the plaintiff was in possession at the time of the sale, and the trust deed was recorded before the expiration of fifteen months thereafter, and consequently the judgment and the sheriff's sale and certificate (no deed having been executed), are of no avail as against the plaintiff. The defendant, Gurney, was the purchaser at the sheriff's sale, and even if he bid without notice of the trust, a deed from the sheriff to him, executed after the trust deed was recorded, would cast no cloud upon the plaintiff's right. But whether he had notice or not, a deed from the sheriff to him would cast no cloud upon the plaintiff's rights. In an action at law by one claiming under such deed to dispossess the plaintiff the trust deed would be a perfect defense. Or the plaintiff need not wait to be sued, but might institute proceedings under the statute to compel the determination of the claim made under

the sheriff's deed, in which he would have an expeditious and appropriate remedy. (2 R. S., 321; *Cox* v. *Clift*, 2 Comst.; 118.) As the trust deed is matter of record the case should be regarded as an exception to the rule that courts of equity will give relief in cases in which it is necessary to resort to extrinsic evidence, to show the invalidity of an instrument constituting an apparent cloud on title to real estate. That rule is more especially applicable to cases where the extrinsic evidence rests in parol, and should not be extended to a case like this, where the only extrinsic, evidence consists of a single deed, which is recorded in the same office in which the judgment is docketed which constitutes the alleged cloud upon the title. In *Van Doren* v. *The Mayor* (9 Paige, 388), Ch. WAL-WORTH, in illustrating the rule that a court of equity may set aside a cloud upon title to land, supposed the case of a deed procured and put upon record by fraud, or upon a usurious consideration, which requires the establishment of extrinsic facts to show the supposed conveyance to be void. PRATT, J., in *Ward* v. *Dewey* (16 N. Y., 522), said the rule applies to cases where the claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it. In *Overing* v. *Foote* (43 N. Y., 293) PECKHAM, J., said : "The sole point of a bill *quia timet* is to protect the owner against an illegal claim which may, in time, ripen into a right and where the evidence of its illegality is easily lost." See, also, *Farnham* v. *Campbell* (34 N. Y., 480).

For these reasons we think the judgment appealed from should be affirmed, with costs.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed, with costs.